UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALTON KING, JR.,<br><br>    Appellant,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS OF ALTERNATIVE LOAN TRUST 2006-J7, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-J7,<br><br>    Appellee, | Civil Action No. 24-13025-MGM |

MEMORANDUM AND ORDER REGARDING
BANKRUPTCY APPEAL
(Dkt. No. 1)

February 10, 2026

MASTROIANNI, U.S.D.J.

## I. INTRODUCTION

Alton King, Jr. ("Appellant"), proceeding *pro se*, filed a notice of appeal challenging two United States Bankruptcy Court orders: an order denying a motion to vacate earlier orders in which the Bankruptcy Court lifted the automatic stay in Appellant's Chapter 13 case and dismissed Appellant's adversary proceeding[1] complaint; and an order denying a motion to reopen the adversary proceeding. The underlying dispute has a lengthy procedural history, but the issue on appeal is relatively straightforward: did the Bankruptcy Court abuse its discretion in denying Appellant's

---

[1] "[A]n adversary proceeding is a subsidiary lawsuit within the larger framework of a bankruptcy case." *In re Buscone*, 61 F.4th 10, 16 (1st Cir. 2023) (quoting *In re Fin. Oversight & Mgmt. Bd. for P.R.*, 872 F.3d 57, 63 (1st Cir. 2017)).

motion reopen? This court concludes that the Bankruptcy Court did not abuse its discretion and, accordingly, affirms.

## II. BACKGROUND AND PROCEDURAL HISTORY

Following a mortgage foreclosure, The Bank of New York Mellon as Trustee f/k/a The Bank of New York as Trustee, on behalf of the registered holders of Alternative Loan Trust 2006-J7, Mortgage Pass-Through Certificates, Series 2006-J7 ("the Bank") became the owner of real property located at 49 Memery Lane in Longmeadow, Massachusetts ("Property") pursuant to a Foreclosure Deed dated October 4, 2018. (Dkt. No. 26-1 at 3-8.) Thereafter, the Bank obtained judgment for possession in a summary process action in the Western Housing Court. (*Id.* at 9.)[2]

On March 16, 2022, Appellant filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. (Dkt. No. 26-1 at 11.) In that bankruptcy case, the Bank filed a motion for relief from the automatic stay, in order to permit it to levy on the execution for possession of the Property. (Dkt. No. 5-4 at 44.) In the motion, the Bank explained that Appellant's challenges to the legality of the foreclosure were rejected by the Housing Court, but the Bank "did not immediately recover possession of the Property due to Covid-related moratoriums." (Dkt. No. 5-4 at 47.) After the Bank obtained a reissued execution for possession of the property from the Housing Court—allowing it to carry out an eviction—and the Massachusetts Appeals Court denied Appellant's

---

[2] Appellant has filed numerous unsuccessful appeals with the Massachusetts Appeals Court and Supreme Judicial Court challenging the Bank's ownership and possession rights with respect to the Property. (*Id.* at 10.) For example, after the Housing Court granted the Bank judgment for possession, it waived Appellant's appeal bond but ordered him to pay $4,000 per month in use and occupancy payments during the appeal. The Supreme Judicial Court affirmed both the imposition of the use and occupancy payments and the amount, noting that the property was valued at more than $1 million dollars (and included an indoor basketball court). *See Bank of New York Mellon v. King*, 147 N.E.3d 450, 455 (Mass. 2020). Thereafter, the Housing Court dismissed Appellant's direct appeal for failing to make use and occupancy payments, and the Massachusetts Appeals Court affirmed the dismissal and the denial of a motion to alter the judgment. (Dkt. No. 26-1 at 59-70.) *See Bank of New York Mellon v. King*, 235 N.E.3d 280, 2024 WL 2043579 (Mass. App. Ct. May 8, 2024) (unpublished).

motion to stay the eviction, Appellant filed the Chapter 7 Bankruptcy Petition, resulting in the statutory automatic stay prohibiting the eviction. The Bank argued it met the statutory requirements for relief from the automatic stay under 11 U.S.C. § 362(d) and, further, Appellant could not challenge the underlying foreclosure or the Bank's title to the Property, in light of state-court rulings. On June 6, 2022, the Bankruptcy Court granted the Bank's motion for relief from the automatic stay, explaining: "The movant has established a colorable claim for possession of the property, *see Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 32 (1st Cir. 1994), has been deprived of possession of the property, and lacks adequate protection of its interest." *In re: Alton King, Jr.*, Case No. 22-30081 (Dkt. No. 68.) Moreover, the Bankruptcy Court "abstain[ed] from determining the issues raised in the Debtor's objection in favor of the housing court or any other non-bankruptcy court of appropriate jurisdiction pursuant to 28 U.S.C. 1334(c)(1)."[3] *Id.* On August 31, 2022, the Bankruptcy Court issued an Order of Discharge under 11 U.S.C. § 727, and the Chapter 7 Bankruptcy case was closed on September 14, 2022. *Id.* (Dkt. Nos. 117 and 120.)

Thereafter, the Housing Court issued another execution for possession, the Hampden Sheriff's Office scheduled the eviction lockout for October 12, 2022, and the Housing Court and the Massachusetts Appeals Court denied motions to stay the eviction. (Dkt. No. 26-1 at 24, 26, 29.) Although the eviction lockout occurred as scheduled, providing the Bank with possession of the Property, not all of Appellant's personal property was removed due to the release of a swarm of bees by another individual in an attempt to stop the eviction. *See, e.g., Commonwealth of Massachusetts v. Rebecca S. Woods*, 25-cv-30120-MGM.

The following day, on October 13, 2022, Appellant filed a second bankruptcy petition, this time under Chapter 13. (Dkt. No. 26-1 at 31.) *See In re: Alton King, Jr.*, Case No. 22-30373. Again, the

---

[3] 28 U.S.C. § 1334(c)(1) permits abstention in bankruptcy cases "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1).

3

Bank filed a motion for relief from the automatic stay in order to complete the removal of Appellant's personal property. (Dkt. No. 5-4 at 40.) On December 2, 2022, over Appellant's objection, the Bankruptcy Court granted the Bank's motion for relief from the automatic stay. (Dkt. No. 26-1 at 45.) The Bankruptcy Court reiterated that the Bank had satisfied 11 U.S.C. § 362(d)(1) and (2) in light of its "colorable claim for possession of the property." (*Id.*) The Bankruptcy Court also explained that it was "likely prohibited from considering the Debtor's arguments under principles of res judicata and collateral estoppel and by the Rooker-Feldman doctrine" and, moreover, it would abstain "from determining the claims raised in the opposition in favor of any appropriate state or other non-bankruptcy court of competent jurisdiction pursuant to 28 U.S.C. 1334(c)(1)." (*Id.*) The Bankruptcy Court also denied Appellant's emergency motion to stay and reconsider shortly thereafter. (*Id.* at 47.)

In both February and April of 2023, Appellant attempted to remove the Housing Court action to federal court, but this court remanded, explaining that the removal attempts were untimely and there was no basis for federal subject-matter jurisdiction. *See Bank of New York Mellon v. King*, Case Number 23-cv-30022-MGM; *Bank of New York Mellon v. King*, Case Number 23-cv-30041-MGM. The court also explained, in response to the second removal attempt:

> [T]he Supreme Court has recognized the right of state courts to operate free of interference from federal courts and the Full Faith and Credit Act requires federal courts to recognize the judgments issued by state courts. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292-93 (2005). Thus, even if the removal were proper, abstention and comity doctrines preclude this court from interfering with the state court action.

*Bank of New York Mellon v. King*, Case Number 23-cv-30041-MGM (Dkt. No. 6).

On May 8, 2024, the Massachusetts Appeals Court affirmed the dismissal of Appellant's appeal of the Housing Court judgment of possession, among other orders. (Dkt. No. 26-1 at 59-70.) *See Bank of New York Mellon v. King*, 235 N.E.3d 280, 2024 WL 2043579 (Mass. App. Ct. May 8, 2024) (unpublished). Almost two weeks later, on May 21, 2024, Appellant filed an adversary complaint in

4

the Chapter 13 bankruptcy case. (Dkt. No. 26-1 at 43, 71.) The adversary complaint requested that the Bankruptcy Court "claw back" the eviction and return the Property to him; vacate the order granting the Bank relief from the automatic stay; award restitution; sanction the Bank; and refer the Bank for criminal prosecution. (*Id.* at 79-102.) Among other allegations, the adversary complaint asserted the Bank was required to file a proof of claim before seeking relief from the automatic stay; it also challenged the validity and assignments of the underlying mortgage and promissory note, as well as state-court rulings on those matters. (*Id.*)

On July 3, 2024, the Bank filed a motion to abstain and dismiss the adversary complaint. (*Id.* at 72; Dkt. No. 4-9 at 18.) The Bankruptcy Court granted the motion on October 10, 2024, explaining that the adversary complaint was "a rambling amalgamation of accusatory statements, statutory citations, and disconnected averments," and therefore failed basic pleading standards. (Dkt. No. 26-1 at 104.) The Bankruptcy Court also found that Appellant's adversary complaint was an impermissible collateral attack on its December 2, 2022 order granting the Bank relief from the automatic stay, since Appellant never appealed that order but instead filed the adversary complaint almost eighteen months later. In addition, the Bankruptcy Court rejected Appellant's arguments on substantive grounds, explaining that "nothing in the Bankruptcy Code or Bankruptcy Rules require the filing of a proof of claim by an interested party seeking relief from the automatic stay." (*Id.* at 106.) Lastly, the Bankruptcy Court explained that it "must abstain from adjudicating any allegations in the complaint related to [Appellant's] argument that [the Bank] was not the legal holder of the underlying promissory note or otherwise did not have authority to foreclose on the property or to evict" Appellant, as the court had "previously abstained from determining rights in and possession to the property in favor of any appropriate state or other non-bankruptcy Court of competent jurisdiction." (*Id.*)

Appellant did not file an appeal of the October 10, 2024 dismissal order within the required

5

fourteen-day appeal period set forth in Fed. R. Bankr. P. 8002(a)(1). Instead, on November 5, 2024, Appellant filed a "Notice of Motion" seeking to vacate the Bankruptcy Court's December 2, 2022 order under Fed. R. Civ. P. 60 based on arguments previously raised in opposition to the Bank's motion to dismiss, including the argument that the Bank failed to file a proof of claim. (Dkt. No. 5-4 at 1.) In the accompanying briefing, Appellant sought the same relief which was requested in the dismissed adversary proceeding complaint. (Dkt. No. 5-4 at 22.) On November 20, 2024, the Bankruptcy Court denied Appellant's motion, referring to its October 10, 2024 dismissal order. (Dkt. No. 5-5 at 1.) Thirteen days later, on December 3, 2024, Appellant filed a Motion to Reopen Adversary Proceeding and for Reconsideration, seeking to reopen the adversary proceeding, which was administratively closed on October 25, 2024. (*Id.* at 2.) Appellant cited Fed. R. Civ. P. 60(b) and reiterated the proof-of-claim argument, among others; he also referenced his November 5, 2024 filing. On December 4, 2024, the Bankruptcy Court denied Appellant's motion, referring to its October 10, 2024 and November 20, 2024 orders. (*Id.* at 10.)

On December 5, 2024, Appellant filed a notice of appeal as to the November 20, 2024 and December 4, 2024 Bankruptcy Court orders. (Dkt. No. 26-1 at 108.) On January 14, 2025, the Bank filed in the Bankruptcy Court a motion to dismiss the appeal as untimely, pursuant to Local Rule 203.8013(c).[4] The Bankruptcy Court, on January 15, 2025, granted the Bank's motion to dismiss in part, as to the appeal of the November 20, 2024 order, and denied the motion in part, as to the appeal of the December 4, 2024 order. (Dkt. No. 26-1 at 120-22.) The Bankruptcy Court explained that pursuant to Fed. R. Bankr. P. 8002(a)(1), a notice of appeal must be filed within 14 days after the order to be appealed is entered, and no appeal or motion which tolls the appeal period, *see* Fed.

---

[4] Local Rule 203.8013(c) provides, in part: "Motions to dismiss an appeal on the grounds of lateness shall be filed in the bankruptcy court." L.R. 203.8013(c).

6

Bankr. P. 8002(b)(1), was filed within 14 days of the October 10, 2024 dismissal order. Moreover, according to the Bankruptcy Court, Appellant's December 3, 2024 motion to reopen did not toll the appeal period under Rule 8002(b)(1) as to the November 20, 2024 order because the motion to reopen sought reconsideration of the October 10, 2024 dismissal order, and not the November 20, 2024 order. Accordingly, the Bankruptcy Court dismissed as untimely the appeal of the November 20, 2024 order, but denied dismissal as to the December 4, 2024 order.[5]

### III. STANDARD OF REVIEW

Under 28 U.S.C. § 158(a), federal district courts have jurisdiction to hear appeals from final judgments, orders, and decrees of the bankruptcy court. *See In re Shove*, 83 F.4th 102, 108 (1st Cir. 2023) (describing "two-tiered framework" for bankruptcy appeals). Appellant's December 3, 2024 motion to reopen the adversary proceeding relied on Fed. R. Civ. P. 60(b), which is applicable to bankruptcy cases under Fed. R. Bankr. P. 9024(a). An order denying a Rule 60(b) motion is reviewed for abuse of discretion, with the understanding that "[r]elief under Rule 60(b) is extraordinary in nature and motions invoking that rule should be granted sparingly." *Daniels v. Agin*, 736 F.3d 70, 86 (1st Cir. 2013) (quoting *Nansamba v. N. Shore Med. Ctr., Inc.,* 727 F.3d 33, 37 (1st Cir.2013)); *see also In re Rivera*, 486 B.R. 574, 577–78 (B.A.P. 1st Cir. 2013). Under the abuse-of-discretion standard, the bankruptcy court will only be reversed "when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them." *Doe v. Massachusetts Inst. of Tech.*,

---

[5] This January 15, 2025 order of the Bankruptcy Court has not been appealed and Appellant makes no argument in his opening appellate brief challenging this dismissal order. Although Appellant does include a brief timeliness argument in his reply brief, it is well established that "argument[s] . . . raised for the first time in reply [are] waived." *De La Cruz v. Bondi*, 161 F.4th 17, 23 n.3 (1st Cir. 2025). The scope of this appeal is therefore confined to the Bankruptcy Court's December 4, 2024 denial of the motion to reopen the adversary proceeding, although the result would be the same even if the appeal encompassed the November 20, 2024 order as well.

46 F.4th 61, 66 (1st Cir. 2022) (internal quotation marks omitted).

## IV. DISCUSSION

The Bankruptcy Court did not abuse its discretion in denying Appellant's Rule 60(b) motion to reopen the adversary proceeding. As an initial matter, Appellant "may not use Rule 60(b) as a substitute for a timely appeal," but that is precisely what he did by "recit[ing] issues already raised in [his] complaint and opposition to the motion to dismiss," as well as the opposition to the motion for relief from the automatic stay. *Giroux v. Fed. Nat. Mortg. Ass'n*, 810 F.3d 103, 108 (1st Cir. 2016); *see Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 18 (1st Cir. 2002) ("While a motion for relief from judgment can be filed under certain circumstances, an appeal from the denial of such a motion will not expose the merits of the underlying judgment to appellate scrutiny. . . . In short, an appeal from the denial of a Rule 60(b) motion is not a surrogate for a seasonable appeal of the underlying judgment."). Appellant did not timely appeal the dismissal of his adversary complaint nor the allowance of the motion for relief from the automatic stay. Instead, he waited approximately eighteen months after the Bankruptcy Court ruled on the motion for relief from the automatic stay to file an adversary complaint challenging that decision and then waited almost two months after the dismissal of the adversary complaint before filing the motion to reopen that is the subject of this appeal. As Rule 60(b) "may not be used as a back-door substitute for an omitted appeal, . . . in all but the most exceptional circumstances, a party's neglect to prosecute a timeous appeal will bar relief under the rule." *Cotto v. United States*, 993 F.2d 274, 278 (1st Cir. 1993). On appeal, Appellant does not proffer any exceptional circumstances which might explain his failure to timely appeal the earlier orders of the Bankruptcy Court but, instead, simply "rehash[es] arguments" previously rejected by the Bankruptcy Court and the state courts. *Fontanillas-Lopez v. Morell Bauza Cartagena & Dapena, LLC*, 832 F.3d 50, 63 (1st Cir. 2016).

More fundamentally, Appellant's arguments lack merit. His most prominent argument—

both at the Bankruptcy Court and on appeal—is that the Bank was required to file a proof of claim before seeking relief from the automatic stay. Appellant, however, is mistaken. Under 11 U.S.C. § 362(d), a "party in interest" may request that the Bankruptcy Court terminate or modify the automatic stay. The First Circuit has held that a party meets this standard if it has "a colorable claim to property of the estate." *In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*, 989 F.3d 170, 180 (1st Cir. 2021) (quoting *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 33 (1st Cir. 1994)); *see also In re D/C Distribution, LLC*, 617 B.R. 600, 607–09 (Bankr. N.D. Ill. 2020) ("While the Bankruptcy Code does not define who a party in interest may be, the courts have made clear that a movant only needs to establish a 'colorable claim' against property to seek relief from the automatic stay."). Moreover, given that "[n]owhere in the Bankruptcy Code are such parties in interest limited to those who have filed proofs of claim," courts agrees that there is no proof-of-claim requirement for parties seeking relief from the automatic stay. *In re D/C Distribution, LLC*, 617 B.R. at 609; *see also Palladino v. HSBC Bank USA, N.A.*, 502 F. Supp. 3d 1336, 1339 (N.D. Ill. 2020) ("But Section 362 requires only that a movant be a 'party in interest'; nowhere does it specify that the party must also have filed a proof of claim. . . . Accordingly, courts that have considered the issue have not required that a creditor file a proof of claim to establish standing to move for relief from an automatic stay." (internal citation omitted)); *In re Reg'l Bldg. Sys.*, 251 B.R. 274, 289 (Bankr. D. Md. 2000) ("Just as the automatic stay of 11 U.S.C. § 362(a) applies even if no proof of claim has been filed, nothing in § 1141(c) makes it inapplicable simply because no proof of claim was filed by or for the creditor.").

In this case, the Bank was entitled to seek relief from the automatic stay because it had a "colorable claim" to the Property in light of the Housing Court judgment of possession. *See Palladino*, 502 F. Supp. 3d at 1339 ("HSBC has obtained a judgment of foreclosure in the state court, and such judgments have been held sufficient to establish a 'colorable claim' to the property."). Accordingly, Appellant's contentions that the Bank lacked standing to seek relief from the automatic

stay or the Bankruptcy Court somehow lacked jurisdiction on this basis are without merit.

Also without merit are Appellant's arguments that the Bankruptcy Court's judgment is void, there was fraud upon the Bankruptcy Court, and the Bankruptcy Court lacked jurisdiction for other reasons. All of these arguments appear to stem from the assertion that the underlying foreclosure, judgment for possession, and other state-court orders with regard to the Property were unlawful. But "the bankruptcy court cannot act as an appellate court sitting in review of" these state-court matters. *Burgess*, 2021 WL 2073447, at *5 (B.A.P. 1st Cir. May 21, 2021). In particular, "[t]he *Rooker-Feldman* doctrine prohibits lower federal courts, including bankruptcy courts . . . , from reviewing final state court judgments." *Id.*; *see Klimowicz v. Deutsche Bank Nat'l Tr. Co.*, 907 F.3d 61, 64 (1st Cir. 2018). The adversary complaint was clearly intended to be a collateral attack on the underlying state-court orders as well as the Bankruptcy Court's earlier orders granting relief from the automatic stay. Under these circumstances, the Bankruptcy Court did not abuse its discretion in refusing to reconsider and reopen the adversary proceeding.

The Bankruptcy Court also did not abuse its discretion or err in abstaining under 28 U.S.C. § 1334(c)(1) or concluding that res judicata and collateral estoppel barred Appellant's arguments, in light of the state-court orders that definitively decided the state-law issues regarding the Property. *See In re Middlesex Power Equip. & Marine, Inc.*, 292 F.3d 61, 69 (1st Cir. 2002); *see also In re Buscone*, 61 F.4th 10, 34 (1st Cir. 2023); *Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co.*, 547 F.3d 48, 52 (1st Cir. 2008); *Commonwealth v. Hernandez*, 118 N.E.3d 107, 119 (Mass. 2019). As the Massachusetts Appeals Court explained, "opportunities for appeal ha[d] been exhausted" in the state-court system. *Bank of New York Mellon v. King*, 235 N.E.3d 280, 2024 WL 2043579, at *4 (internal quotation marks omitted). The Bankruptcy Court acted well within its discretion in refusing to entertain Appellant's repeated challenges to these same state-court rulings.

V. CONCLUSION

For the foregoing reasons, the court AFFIRMS the December 4, 2024 order of the Bankruptcy Court. In addition, the court DENIES Appellant's various motions (Dkt. Nos. 39, 40, 41, 42, 44, 46, 51, and 55) as MOOT.

It is so ordered.

  /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge